Ephram M. Lahasky and Naomi L. Lahasky
130 Lord Ave
Lawrence, NY 11559
(646) 772-3668
Petitioner

FILED
U.S. DISTRICT COURT E.D.N.Y
★ OCT 23 2009 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EPHRAM M. LAHASKY and

NAOMI L. LAHASKY,

    PETITIONER,

Vs.

United States of America,
Douglas Shulman, Commissioner of
Internal Revenue, And Neena I. Singh
Revenue Agent

    RESPONDENTS.

Case # **MISC. 09 689**

SEYBERT, J.

MEMORANDUM OF LAW IN
SUPPORT OF PETITION TO
QUASH 3RD PARTY SUMMONS

Date:_____

Time:_____

Dept/Room:_____

U. S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

    Petitioner, Ephram M. Lahasky and Naomi L. Lahasky (hereinafter "Lahasky"), submits this memorandum of law in support of his petition to quash summons issued by the respondents United States, et al.

    As grounds for his petition Lahasky contends that the Internal Revenue Service cannot meet the "relevancy and materiality" test required by United States v. Powell, 379 U.S. 48 (1964).

    Lahasky further contends that the summons is nothing more than a "fishing expedition"

completely void of any "realistic expectation" that the information sought "may be relevant," therefore it is Lahasky contention that the Internal Revenue Service cannot make any showing greater than an "idle hope" of finding something, as required by the decision in United States v. Richards, 631 F. 2d. 341, 345 (4th Cir., 1980). Lastly, it is Lahasky contention that the summons has been issued in "bad faith" contrary to Powell, supra, and therefore shows as follows:

## FACTS

Revenue Agent, Neena I. Singh (hereinafter "Singh"), operating out of the Internal Revenue Service office at 107 Charles Lindberg Blvd., Garden City, NY 11530, issued an IRS third party summons to the Capital One N.A.. The target of the summons was Capital One N.A.. The summons stated; "In the matter of Ephram Lahasky." The summons appears to have been issued October 9th 2009.

Pursuant to 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued.

The summons issued by respondent Singh in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

On the face of the summons that Singh has not cited any authority to issue and enforce the summons in question.

The summons commands Capital One N.A. to appear before Singh, or her delegate, to give testimony and to bring:

    1.    Information of all bank accounts listed below but not limited to:

    I. AlC #2106067321 Capital One N.A.

    2.    All monthly statements, canceled checks, deposit items, and deposit slips for all checking accounts maintained during the periods listed, whether open or closed.

    3.    Record of activity of all savings accounts, including deposits and withdrawals, maintained during the periods listed, whether open or closed.
    4.    Record of any time certificates maintained during the periods listed,

whether open of closed.
5. Copies of any applications for loans or mortgages made during the periods listed, including net worth statements.
6, Proceeds checks and repayment ledgers for all loans or mortgages maintained during the above periods, whether open or closed.
7, Signature cards for all accounts.
8. All activities related to Cashier checks received, deposited or cashed etc.
9. Rental agreement and visitation log for any safety deposit box maintained during the above periods.
10. Copies of monthly statements for any credit cards maintained with the bank during the above periods.
11. A copy of all checks deposited into the taxpayer bank account.
12. Escrow records including, but not limited to, purchase agreements, sales agreements, loan amortization schedules, repayment ledgers, checks, disbursements, copy of checks deposited into escrow account.

The above Information Is requested for All accounts whether maintained separately or jointly, and for accounts maintained under any.other names over which any of the above named Individuals maintained signature authority.

## ARGUMENT

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602. Under Powell, supra the government must establish a prima facie case by "showing" that:

(1) that the summons was issued for a legitimate purpose.

(2) the summoned data may be relevant to that purpose.

(3) the data is not already in the government's possession; and

(4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed (Powell, supra 379 U.S. at 57-58).

It is well settled precedent summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1. The summons issued by respondent Singh in this case fails to state any liability, actual or ostensible for which purpose

the summons may have been issued. It is clear on the face of the summons that Singh has not cited any authority to issue and enforce the summons in question.

Internal Revenue Code § 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to "... "determining the liability of any person for any internal revenue tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something. UnitedStatesv.Bisceglia,420U.S.141(1975);UnitedStates v. Richards, 631 F. 2d 341, 345 (4th Cir., 1980); United States v. Harrington, 388 F. 2d 520, 524 (2d Cir., 1968).

The burden is upon the United States to show that the information sought is "relevant to proper purpose" United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F. 2d 564, 567 (5th Cir., 1985).

It is readily apparent from the face of the summons that Singh claimed no "legitimate purpose" in issuing the summons. Therefore, Singh has no "legitimate purpose," for the issuance of her summons.

Lahasky is unable to find published in the federal register any notice that opening a bank account and creating signature cards or depositing of monies in one's bank account amounts to a violation of any internal revenue law. Further, the IRS has failed and refused to identify any tax law which Lahasky is being investigated under, which indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope." United States v. Richards, 631 F. 2d at 345.

Absent legal authority for issuance and legitimate purpose for enforcement of the summons, nothing in Lahasky's bank records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation. Thus, Lahasky contends that the summons is issued in "bad faith" with no purpose other than to harass and intimidate Lahasky. It is unclear at this time what "bad faith" purpose Singh is pursuing in issuance of this Summons.

Thus, discovery and an evidentiary hearing will in all likelihood be required to determine the true purpose of this Summons [Powell, supra 379 U.S. at 58; United States v. McCarthy, 514 F. 2d. 368 (3rd Cir., 1975].

Wherefore, Petitoiner requests that the summons be quashed.

DATED: October 22nd 2009

_____
Ephram M. Lahasky